IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RUSSELL H. FARR, JR.,

        Petitioner,               ORDER

     v.                                     08-cv-0557-slc

ROBERT SPODEN,
Rock County Sheriff,

        Respondent.

---

      Russell H. Farr, Jr., an inmate at the Rock County Jail, has filed a petition for a writ of habeas corpus. He had paid the five dollar filing fee. The petition is before the court for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      According to the petition, petitioner is in custody awaiting a final hearing on allegations that he violated the conditions of his parole. Petitioner was taken into custody on August 2, 2008. The revocation hearing is scheduled for October 21, 2008. Petitioner contends that he is entitled to be released under Wis. Stat. § 302.335(2), which provides in part that the Wisconsin Division of Hearings and Appeals shall begin a final revocation hearing within 50 days after the person is detained in the county jail.

      To be entitled to federal habeas relief, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, pursuant to 28 U.S.C. § 2254(b)(1), a federal court shall not grant an

application on behalf of a state prisoner unless it appears that the applicant has exhausted the state remedies that are available to him. In other words, a state prisoner must give the state courts the opportunity to address his federal claims before he comes to federal court. Petitioner makes no showing that he has done this. Petitioner has state law remedies available to him that are effective to address his claims: he can file a writ of habeas corpus in the appropriate state circuit court; alternatively, he can raise his objection to the timeliness of the hearing at the final hearing. Because petitioner has not made *any* attempt to present his claims to the state courts, the petition must be dismissed.

Even if petitioner had exhausted his state remedies, his petition would likely be denied on its merits. At most, petitioner has shown that the division's delay in holding the final hearing has violated state law. However, habeas relief is unavailable to remedy errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The Due Process Clause of the Constitution does not require that final revocation hearings be held within any particular time frame but only that a hearing be held "within a reasonable time" after the parolee is taken into custody. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). The Supreme Court has indicated that a lapse of two months is not unreasonable, id., and the Court of Appeals for the Seventh Circuit has suggested three months as the outside limit of reasonableness. Hanahan v. Luther, 693 F.2d 629, 634 (7th Cir. 1982).

Assuming the hearing takes place as scheduled, petitioner will have been in custody for 80 days, which is not an unreasonable period of time.

ORDER

IT IS ORDERED that the petition of Russell H. Farr, Jr. for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies.

Entered this 1st day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge